**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | | |
|---|---|---|
| DeAndre Lamont Hamilton, | * | |
| Personal Representative of the Estate of | * | |
| Dana Hamilton, | * | |
| Deceased, | * | |
| 1818 Clayton Drive | * | |
| Oxon Hill, MD 20748 | * | |
| | * | |
|     Plaintiff, | * | |
| | * | |
|     v. | * | Civil Action No.:_____ |
| | * | |
| | * | |
| The United States of America | * | |
| | * | |
| **Serve:**  Jessie K. Liu | * | |
|       United States Attorney for the | * | |
|       District of Columbia (Acting) | * | |
|       555 4th Street, NW | * | |
|       Washington, D.C. 20530 | * | |
| | * | |
|       Civil Process Clerk | * | |
|       United States Attorney's Office | * | |
|       555 4th Street, NW | * | |
|       Washington, D.C. 20530 | * | |
| | * | |
|       William Barr | * | |
|       United States Attorney General | * | |
|       United States Dept. of Justice | * | |
|       950 Pennsylvania Avenue, NW | * | |
|       Washington, D.C. 20530 | * | |
| | * | |
| and | * | |
| | * | |
| Court Services and Offender | * | |
| Supervision Agency | * | |
| 633 Indiana Avenue, NW | * | |
| Washington, DC  20001 | * | |
| | * | |
| **Serve:**  Richard Tischer | * | |
|       Director | * | |
|       633 Indiana Avenue, NW | * | |

1

Washington, DC 20001         \*

\*

\*

and                                 \*

\*

Sentinel Offender Services, LLC   \*

201 Technology Drive           \*

Irvine, CA 92618                \*

\*

**Serve:**  Corporation Service Company   \*

          1090 Vermont Avenue NW   \*

          Washington, DC  20005     \*

\*

and                                 \*

\*

John Does 1-5                      \*

Whose names are unknown        \*

\*

Defendants.                        \*

\*

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, DeAndre Lamont Hamilton, Personal Representative of the Estate of Dana Hamilton, by and through undersigned counsel, John J. Yannone, Esquire, and Price Benowitz LLP,  hereby requests that damages be awarded as a result of the specific actions of the Defendants,  Sentinel Offender Services, LLC., The United States of America, the Court Services and Offender Supervision Agency, and John Does 1-5  unknown actual and/or apparent agents, servants, employees, representatives, and/or independent contractors of Sentinel Offender Services, LLC, The United States of America, and/or the Court Services and Offender Supervision Agency, and in support thereof states as follows:

## THE PARTIES AND JURISDICTION

1.        Dana Hamilton ("Decedent") was at the time of his death a resident and domiciliary of the District of Columbia.

2

2.      DeAndre Lamont Hamilton is Decedent's son, Personal Representative of the Estate of Dana Hamilton, and wrongful death beneficiary.  He brings this action as a result of the negligent actions of Defendants named herein resulting in the death of Decedent on May 19, 2016.

3.      Dana Blake Hamilton is Decedent's son and wrongful death beneficiary.

4.      Lillie Hamilton is Decedent's mother and a wrongful death beneficiary.

5.      Upon information and belief, Defendant Sentinel Offender Services, LLC ("Sentinel") is a limited liability company conducting business in the District of Columbia with its principal place of business located at 201 Technology Drive, Irvine, California.

6.      Defendant Court Services and Offender Supervision Agency ("CSOSA") is and was, at all times relevant, a government agency operating under the laws of the United States, with its principal place of business located at 633 Indiana Avenue, NW, Washington, DC 20001.

7.      At all times relevant hereto, John Does 1 -5 are and/or were unknown actual and/or apparent agents, servants, employees, representatives, and/or independent contractors of Defendants, Sentinel Offender Services, LLC, the United States of America, and/or CSOSA.

## JURISIDCTION AND VENUE

9.      This suit is being brought for money damages for injuries caused by the negligence or wrongful acts or omissions of Defendants Sentinel Offender Services, LLC, the United States of America, and/or CSOSA.

10.     This Court has jurisdiction over this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and pursuant to 28 U.S.C. § 1322(a).

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1402(b), as this is a tort claim against the United States arising under 28 U.S.C. § 1346(b), and all of the events or omissions giving rise to this claim occurred in this District.

12.     At all times relevant hereto, the United States of America acting through the Court Services and Offender Supervision Agency was a "Federal Agency" within the meaning of 28 U.S.C. § 2671.

13.     Plaintiffs have complied timely with 28 U.S.C. § 2401(b) by providing notice of their claim on May 17, 2018, via Standard Form 95 to the Court Services and Offender Supervision Agency regarding their injuries and damages which were negligently caused by the Defendants.

14.     The instant suit is timely under 28 U.S.C. §§ 2401(b), 2675(a).

## FACTUAL BACKGROUND

15.     On April 30, 2016, the United States filed criminal charges in the Superior Court of the District of Columbia against Wayne Wright a/k/a Quincy Green ("Wright") for Unlawful Possession of a Firearm.

16.     On May 3, 2016, the Superior Court released Wright on Personal Recognizance but with specific conditions.  One of his conditions of his pre-trial release was that Wright was required to wear a global positioning system monitoring device ("GPS") around his leg so that CSOSA could track his whereabouts.  Another condition was that the Superior Court also issued a Stay Away Order for Wright, prohibiting him from entering the 800 block of Chesapeake Street, NE in the District of Columbia.

17.     CSOSA contracted with Defendant Sentinel for electronic monitoring services for individuals charged with a crime who are subject to a pre-trial release monitoring or are currently on probation, and/or parole.

18.     In this instance, Wright, who was subject to pre-trial release monitoring, was referred to Defendant Sentinel who became responsible for providing the GPS device to Wright

and ensuring that the proper process and procedures were followed when affixing the device to Wright's person.

19.     Wright has one detachable, prosthetic leg and one natural leg.

20.      Defendants, John Does 1-5, while acting as actual and/or apparent agents, servants, employee, representative, and/ or independent contractor of Defendants Sentinel, United States, and/or CSOSA, failed to properly secure the GPS device to Wright and placed the GPS device on Wright's detachable, prosthetic leg.

21.     On May 19, 2016, Wright circumvented the GPS tracking device which he was court ordered to wear by detaching his prosthetic leg with the device, leaving his prosthetic leg with the GPS device at his residence, and attaching a spare prosthetic leg, which enabled him to move around the area undetected by the Defendants who were tasked to monitor his whereabouts.

22.     At approximately 2:40 a.m., Wright entered the 800 block of Chesapeake Street, NE and killed Decedent Dana Hamilton.  Wright was subsequently charged with second degree murder on May 25, 2016.

23.     At all times relevant herein the Defendants owed a duty to the Deceased, Dana Hamilton to follow the proper process, procedures and protocol when affixing the GPS device to Wright to ensure he was incapable of circumventing this monitoring system.

24.     At all times relevant herein, Defendants owed a duty to the Decedent to implement and follow proper protocol, process and procedures when monitoring Wright to ensure he was following his pre-trial release conditions to ensure the safety of individuals such as the Deceased, Dana Hamilton.

25.     At all times relevant herein, Defendants knew or should have known that a crime was likely and imminent after it had attached a GPS device to a detachable prosthetic leg.

## COUNT I – Negligence
### (Defendants)

26.     Plaintiff adopts and incorporates by reference the aforementioned paragraphs as if fully set forth herein.

27.     Defendants, through their agents, servants, and/or employees, including John Does 1-5, had a duty to the Deceased to follow the proper process, procedures, and protocol that have been implemented in order to monitor those individuals who have been charged with a crime, and who are subject to pre-trial release conditions including GPS tracking and monitoring. In particular, Defendants had a duty to, among other things:

   a.   Ensure that the GPS device could not be removed from individuals who are subject to pre-trial release monitoring;

   b.   Provide adequate training to its employees to ensure they properly attach the equipment by locking the ankle-bracelet on the individual and to ensure the device is attached to a natural limb;

   c.   Effectively monitor, keep track of, and be aware at all times the whereabouts of those individuals who are equipped with their GPS tracking devices, and in this instance, Wright.

28.     The May 19, 2016 wrongful death of Dana Hamilton was caused by the negligent acts and/or omissions of the Defendants and their agents, servants, and/or employees in that Defendants, among other things:

   a.   Failed to ensure that the GPS device could not be removed from individuals who are subject to pre-trial release monitoring;

b. Failed to provide adequate training to its employees to ensure they properly attach the equipment by locking the ankle-bracelet on the individual and to ensure the device is attached to a natural limb;

c. Failed to effectively monitor, keep track of, and be aware at all times the whereabouts of those individuals who are equipped with their GPS tracking devices, and in this instance, Wright.

29. As a direct and proximate result of the negligence, recklessness, and/or carelessness of Defendants, Decedent suffered, severe bodily injuries, great physical pain, severe and substantial emotional distress, mental anguish, lost wages, lost employment opportunity, and loss of time and enjoyment from his customary leisure and recreational activities, and impairment of his customary leisure and recreational activities, and death.

30. All of Decedent's losses and damages were directly and proximately caused by the aforementioned negligence of Defendants.

WHEREFORE, Plaintiffs demand a jury trial, judgment from and against Defendants Sentinel Offender Services, LLC, John Does 1-5, and the United States of America, and the Court Services and Offender Supervision Agency for Ten Million Dollars ($10,000,000), for damages incurred as a result of the causes of action maintained herein, plus costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

## COUNT II –*Respondeat Superior*
### (Sentinel Offender Services, LLC, United States of America, and CSOSA)

31. Plaintiff adopts and incorporates by reference the aforementioned paragraphs as if fully set forth herein.

7

32.     The above described acts by Defendants John Does 1-5, were committed while they were acting as actual and/or apparent agents, servants, employees, representatives, and/or independent contractors for Defendants Sentinel, United States, and/or CSOSA.

33.     The above described acts of the Defendants John Does1-5, were committed within the course and scope of their actual and/or apparent agency and/or employment, while performing services for and/or furthering the business interests of Defendants Sentinel, United States, and/or CSOSA.

34.     As the Principal for the Defendants John Does 1-5, Defendants Sentinel, United States, and/or CSOSA, are responsible for all of the acts and/or omissions committed by Defendants John Does 1-5 who were Sentinel, United States, and/or CSOSA's actual and/or apparent agents, servants, employees, and/or independent contractors within the course and scope of their actual and/or apparent agency and/or employment, under the doctrine of vicarious liability and/or *respondeat superior.*

35.     Decedent's death is a result of the negligent conduct alleged herein.

36.     As a direct and proximate cause of the negligence, and carelessness of Defendants Sentinel, United States, and/or CSOSA, by and through their agents, servants and/or employees, John Does 1-5, Dana Hamilton was shot and killed.

37.     Decedent's death was directly and proximately caused by the aforementioned negligence of Defendants John Does 1-5, for which Defendants Sentinel, United States, and/or CSOSA, are vicariously liable without any negligence on the part of the Deceased Dana Hamilton.

WHEREFORE, Plaintiffs demand a jury trial, judgment from and against Defendants Sentinel Offender Services, LLC, United States of America, and Court Services and Offender Supervision Agency, for Ten Million Dollars ($10,000,000), for damages incurred as a result of

the causes of action maintained herein, plus costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

## <u>COUNT III –Negligent Hiring, Training, and/or Retention</u><br>**(Sentinel Offender Services, LLC, United States of America, and CSOSA)**

38.      Plaintiff adopts and incorporates by reference the aforementioned paragraphs as if fully set forth herein.

39.      At all times relevant hereto, Defendants Sentinel, United States, and/or CSOSA, were responsible for providing electronic monitoring equipment, namely GPS devices to be placed on individuals who have been charged with a crime and who are on either pre-trial release pending their trial or on parole and/or probation. They also provide monitoring services to monitor the individuals subject to pre-trial release conditions, or those on probation and/or parole.

40.      Defendants Sentinel, United States, and/or CSOSA owed a duty to use due care in selecting and retaining employees who are competent and fit to perform duties required by a Sentinel and/or CSOSA employee including but not limited to properly administer the placement of GPS devices to ensure the safety of its citizens, such as Decedent.

41.      Defendants Sentinel, United States, and/or CSOSA, owed a duty to provide adequate and effective training to their employees to follow the proper procedure, process, and/or protocol regarding the placement of and securing the GPS tracking device on individuals such as Wright.

42.      Defendants Sentinel, United States, and/or CSOSA, knew or should have known that their employees were not competent to comply with the proper administration of GPS devices, which would not provide a safe environment to members of the public, such as Decedent.

43.     A reasonable and prudent employer would not have ignored any such indications of unfitness for such duties.  Specifically, Sentinel, United States, and/or CSOSA, knew or should have known that its employees would fail to properly administer the placement of GPS devices.

44.     Decedent was a member of the public who would reasonably rely on his safety in the District of Columbia, and therefore Defendants Sentinel, United States, and/or CSOSA, owed a duty to the deceased, and such duty was breached.

45.     Defendant knew that its employees' failure to perform their duties could result in injury or death, such as that which befell Decedent.

46.     Decedent's death was caused solely by the negligence and/or negligent hiring, training, and/or retention of the Defendants Sentinel, United States, and/or CSOSA, and their agents, servants, employees, and/or independent contractors in failing to ensure the safety of the citizens of the District of Columbia, without any negligence on the part of Decedent contributing whatsoever.

WHEREFORE, Plaintiffs demand a jury trial, judgment from and against Defendants Sentinel Offender Services, LLC, United States of America, and Court Services and Offender Supervision Agency, for Ten Million Dollars ($10,000,000), for damages incurred as a result of the causes of action maintained herein, plus costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

## COUNT VI –WRONGFUL DEATH
### (Defendants)

47.     Plaintiff adopts and incorporates by reference the aforementioned paragraphs as if fully set forth herein.

48.     As a direct and proximate result of the negligence of Defendants, and/or the negligent hiring, training, and/or retention practices of the Defendants, Decedent's next of kin have been injured and suffered damages including, but not limited to, the following particulars:

    a.  Loss of income of Decedent suffered by his beneficiaries;

    b.  Loss of services, protection, care, and assistance that Decedent provided to his beneficiaries;

    c.  Funeral expenses;

    d.  All pecuniary and non-pecuniary losses suffered by next of kin; and

    e.  All other losses to which the beneficiaries are entitled.

WHEREFORE, Plaintiff DeAndre Lamont Hamilton, Personal Representative of the Estate of Dana Hamilton, demands judgment against Defendants Sentinel Offenders Services, Inc., John Does 1-5, the United States of America, and the Court Services and Offender Supervision Agency, in the amount of Ten Million Dollars ($10,000,000), for damages incurred as a result of the causes of action maintained herein, plus costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

## COUNT VII –SURVIVAL
### (Defendants)

49.     Plaintiff re-alleges and incorporates by reference all of the facts and allegations of the aforementioned paragraphs as if fully set forth herein and further alleges:

50.     As a direct and proximate result of the aforesaid direct negligence of Defendants, and/or negligent hiring and/ or retention practices of Defendants, Decedent suffered injury and death.

51.     As a direct and proximate result of the aforesaid negligence of Defendants, Decedent, pursuant to DC Code § 12-101, has been injured and suffered damages, which include, but are not limited to, the following particulars:

    a.   Bodily injuries sustained by Decedent resulting in death;

    b.   Physical pain and mental anguish suffered by Decedent;

    c.   The disfigurement and/or deformity and any associated humiliation or embarrassment suffered by Decedent;

    d.   The inconvenience caused;

    e.   The medical expenses incurred;

    f.   Lost earnings; and

    g.   Any and all other relief to which Decedent is entitled at law.

WHEREFORE, Plaintiff DeAndre Lamont Hamilton, Personal Representative of the Estate of Dana Hamilton, demands judgment against Defendants Sentinel Offender Services, LLC, John Does 1-5, the United States of America, and the Court Services and Offender Supervision Agency, in the amount of Ten Million Dollars ($10,000,000), for damages incurred as a result of the causes of action maintained herein, plus costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

Respectfully submitted,

**PRICE BENOWITZ LLP**


By:_____/s/_ _John J. Yannone_____
John J. Yannone, Esq. (#04396)
409 7th Street, NW, Suite 200
Washington, D.C. 20004
John@pricebenowitzlaw.com
Tel:  (202) 417-6015
Fax:  (301) 244-6659
*Attorney for Plaintiff*



## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands trial by jury.


/s/_ _John J. Yannone_____
John J. Yannone, Esq.